UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SAMUEL PIERCE,<br><br>          Plaintiff,<br><br>     v.<br><br>RONA WOLDENBERG, M.D.,<br><br>          Defendant. | No. CV 11-06412-DSF (VBK)<br><br>ORDER TO SHOW CAUSE |

     Samuel Pierce (hereinafter referred to as "Plaintiff") filed a "Complaint for Permanent Injunction" in the United States District Court for the Central District of California on August 4, 2011. Plaintiff has brought his Complaint pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000(d), prohibiting discrimination based on race, color, or national origin in federally assisted programs.  Plaintiff presently resides in Los Angeles, California. (Complaint at 1.) Defendant Rona Woldenberg, M.D. resides in Hempstead, New York and is employed as Assistant Dean of Admissions at Hofstra University. (Id. at 1-2.)

     Plaintiff alleges that he interviewed on January 3, 2011 at

Hofstra University for the federally assisted program for which Defendant Dr. Woldenberg is charged with the management of admissions. Plaintiff alleges he was interviewed by Dr. Mark Mittler, a neurosurgeon with Long Island Neurosurgical Associates, P.C. Plaintiff alleges on April 5, 2011, he received an e-mail stating "You present strong credentials on your application, and although we cannot afford you a position in the class at this time, we have placed your completed application on our alternate list. This will allow the continued consideration of your application for a future acceptance. Our list will remain active through our first day of class, August 1, 2011." (Complaint at 2.)

Subsequent to receiving the e-mail, Plaintiff spoke with Dr. Mark Mittler by phone on two occasions, first on April 5, 2011 and again on June 17, 2011. Plaintiff was told by Dr. Mark Mittler that Dr. Mittler believed Plaintiff's application should be accepted and there was good chance Plaintiff's application would be accepted. Dr. Mittler advised Plaintiff to contact Defendant regarding Plaintiff's interest in the federally assisted program for which Defendant is charged with the responsibility of admissions and regarding Plaintiff's clinical and research accomplishments at Cedars Sinai Medical Center. (Complaint at 3.)

On August 1, 2011, Plaintiff received an e-mail from Defendant stating, "We regret to inform you that we are unable to offer you a seat in our inaugural class." (Complaint at 3.)

Plaintiff alleges a violation of his civil rights pursuant to 42 U.S.C. § 2000(d) and 42 U.S.C. § 1983. Plaintiff alleges there is "no non-discriminatory basis for Defendant's selection of other applicants to the federally assisted program for which Defendant is charged with

2

managing admissions over Plaintiff given Plaintiff's far superior objective qualifications." (Complaint at 3.) Plaintiff alleges that his application was denied by Defendant because of Plaintiff's national origin. Plaintiff alleges that Defendant has violated his rights under the Fourteenth Amendment and Title VI of the Civil Rights Act of 1964 relating to the freedom from discrimination in the administration of federally supported programs on the basis of national origin. (Complaint at 3.)

Plaintiff seeks permanent injunctive relief requiring Defendant to admit Plaintiff to the federally supported program for which Defendant is charged with managing admissions. (Complaint at 4.)

## DISCUSSION

Pursuant to 28 U.S.C. § 1391(b), proper venue over a civil rights action such as this properly lies only in (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurs, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought.

Here, Plaintiff alleges Defendant Dr. Rona Woldenberg resides in Hempstead, New York. Thus, this action properly could have been brought in the United States District Court for the Eastern District of New York. (See 28 U.S.C. § 112(c).)

The Eastern District of New York is a more proper venue for the parties and witnesses in this action because, among other reasons, it is at Hofstra University, which is within that District where all of

1  the allegations against Defendant occurred.  Moreover, the relevant
2  records will likely come from this institution.  In addition,
3  Defendant is living or working in the Eastern District of New York,
4  their witnesses likely work at Hofstra University or live or work
5  elsewhere in the Eastern District of New York.  Also, Plaintiff seeks
6  injunctive relief. Thus, to the extent injunctive relief may be
7  warranted, it is important to consider that the Eastern District of
8  New York will be "closer to the action" and better able to monitor
9  compliance with any injunction that may be granted.
10     Accordingly, Plaintiff is ordered to show cause within 30 days of
11 the date of this Order in writing, why this action should not be
12 dismissed. The Court will deem the failure to file any response to
13 this Order to Show Cause within the time allotted as consent to
14 dismissal.

DATED: August 19, 2011                /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE